UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TORAN V. PETERSON,

        Petitioner,               Case No. 1:07-CV-99

v.                                       Honorable Richard Alan Enslen

WILLIE O. SMITH,

        Respondent.
                                             /

## ORDER

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. The matter is before the Court on Petitioner's Motion to Appoint Counsel filed August 6, 2008. United States Magistrate Judge Ellen S. Carmody denied the motion on the discretionary grounds applicable to motions under 28 U.S.C. § 1915(e)(1). Petitioner has filed an objection to the Magistrate Judge's determination, contending that he brought his motion pursuant to 18 U.S.C. § 3006A(a)(2)(B), not 28 U.S.C. § 1915(e)(1).

A district court considering objections to an order issued on a non-dispositive matter that was referred to a magistrate judge may "modify or set aside any part of the order that is clearly erroneous or contrary to law." FED. R. CIV. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A); W.D. MICH. LCIVR 72.3(a). A decision is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). If there are two plausible views of a matter, then a decision cannot be "clearly erroneous." *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985).

Indigent habeas petitioners have no constitutional right to a court-appointed attorney. *Johnson v. Avery*, 393 U.S. 483, 488 (1969); *Barker v. Ohio*, 330 F.2d 594, 594-95 (6th Cir. 1964); *see also Lovado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). The Court is required to appoint an attorney only if an evidentiary hearing is necessary or if the interest of justice so requires. *See* Rule 8(c), RULES GOVERNING SECTION 2254 CASES; 18 U.S.C. § 3006A(a)(2)(B).

The Court has considered the complexity of the issues and the procedural posture of the case. At this stage of the case, the assistance of counsel does not appear necessary to the proper presentation of Petitioner's position. The habeas petition has been fully briefed, the transcripts and other materials necessary under Rule 5 of the Rules Governing § 2254 Cases have been filed, and the case is ready for review. As a consequence, the Magistrate Judge's denial of Petitioner's motion, while resting on different grounds, was neither clearly erroneous nor contrary to law. Therefore,

**IT IS HEREBY ORDERED** that Petitioner's Objection (Dkt. No. 54) is **DENIED**, the Order of the Magistrate Judge (Dkt. No. 53) is **AFFIRMED** on alternate grounds, and Petitioner's Renewed Motion for Appointment of Counsel (Dkt. No. 52) is **DENIED**.


DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
September 10, 2008  RICHARD ALAN ENSLEN
 SENIOR UNITED STATES DISTRICT JUDGE