UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TORAN PETERSON,
          Petitioner,

                                                No. 1:07-cv-99

-v-

                                      HONORABLE PAUL L. MALONEY

WILLIE SMITH,
          Respondent.

## ORDER DENYING OBJECTIONS

This matter comes before the Court on Petitioner Peterson's objection (Dkt. No. 67) to two orders issued by the Magistrate Judge. Petitioner is a prisoner under the control of the Michigan Department of Corrections (MDOC) and has filed a petition for writ of habeas corpus. Petitioner filed a motion for an evidentiary hearing (Dkt. No. 58), which was denied (Dkt. No. 66). Petitioner also filed a motion for discovery (Dkt. No. 62), which was also denied (Dkt. No. 65).

STANDARD OF REVIEW

Rule 72(a) allows a party to object to a ruling by a Magistrate Judge by filing objections in the District Court where the case is assigned. FED. R. CIV. P. 72(a). Under the Rule, the district court judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* The United States Supreme Court and the Sixth Circuit Court of Appeals have stated that "a finding is 'clearly erroneous' when although there is evidence to support to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining the "clearly erroneous standard under Rule 52(a)); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992) (quoting *U.S. Gypsum Co.*). *See also United*

*States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (explaining the standard under Rule 72(a)). This standard does not empower a reviewing court to reverse the Magistrate Judge's finding because it would have decided the matter differently. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the "clearly erroneous standard in Rule 52(a)).

Under Rule 72(a), a district court reviews the legal conclusions of a magistrate judge under the "contrary to law" standard. *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992). The reviewing court must exercise independent judgment with respect to those legal conclusions and may overturn those conclusions which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent. *Id.* (quoting *Adolph Coors Co. v. Wallace*, 570 F.Supp. 202, 205 (N.D. Cal. 1983). *See also Botta v. Barnhart*, 475 F. Supp.2d 174, (E.D.N.Y. 2007) ("An order is clearly contrary to law 'when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" (quoting *Catskill Dev., LLC v. Park Place Entrn't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002))).

ANALYSIS

    A. Objection to Denial of Motion for Discovery

The Magistrate Judge denied Petitioner's motion for discovery because Petitioner had not demonstrated how the alleged transcription error was relevant to the claims asserted in his petition for habeas relief. Petitioner alleges the Magistrate Judge is biased. Petitioner identifies several earlier orders issued by the Magistrate Judge which he alleges establish her bias. Petitioner also argues that fundamental fairness requires accurate transcripts for an appeal.

Petitioner's objection is **OVERRULED.** Petitioner has not established that the disposition of his motion was clearly erroneous or a mistake of law. Assuming, as Petitioner alleges, the

transcript omits the trial judge's statements that the jury needed to be quickly escorted out of the room and Petitioner's unsworn exclamations of his innocence, Petitioner has not demonstrated how the correction would assist his habeas claim. Furthermore, Petitioner has failed to establish the Magistrate Judge was biased against him. Prejudice or bias must arise from some extrajudicial source and typically not from a judge's rulings or participation in a case. *Ullmo v. Gilmour Acad.,* 273 F.3d 671, 681 (6th Cir. 2001). *See Liteky v. United States*, 510 U.S. 540, 555-556 (1994). On the basis of Petitioner's allegations, a reasonable person would not question the Magistrate Judge's impartiality. *See Ullmo*, 273 F.3d at 681.

    B. Objection to Denial of Motion for an Evidentiary Hearing

The Magistrate Judge denied Petitioner's motion for an evidentiary hearing for two reasons. First, Petitioner had not demonstrated the factual predicate for his claim could not have been previously discovered through the exercise of due diligence. Second, Petitioner had not demonstrated the facts underlying his claim are sufficient by clear and convincing evidence that absent the alleged constitutional violation, no reasonable fact finder could have found him guilty. Petitioner offers several objections. First, Petitioner argues the Magistrate Judge should issue a report and recommendation rather than make a determination that his claim could not satisfy the clear and convincing standard. Second, Petitioner argues the merits of his claim, explaining appellate counsel's performance fell below an objective standard of reasonableness as he failed to request an evidentiary hearing.

Petitioner's objection is **OVERRULED.** Petitioner has not established that the disposition of his motion was contrary to law. The Magistrate Judge has not ruled on the merits of Petitioner's action for habeas relief. Rather, the Magistrate Judge correctly identified and applied the standard

for determining whether an evidentiary hearing should be held. The Magistrate Judge need not issue a report and recommendation on non-dispositive motions. *See* 28 U.S.C. § 636(b)(1); W.D. Mich. L.Civ.R. 72.1(b). Petitioner's focus on whether he previously requested a new trial or an evidentiary hearing ignores the basis for rejecting his motion. Petitioner has neither explained what information he expects would be revealed in an evidentiary hearing, nor has he explained how that information would create a situation where no reasonable factfinder could have found him guilty.

Petitioner's objection (Dkt. No. 67) is overruled. **IT IS SO ORDERED.**

Date:   June 29, 2009                         /s/ Paul L. Maloney
                                                                          Paul L. Maloney
                                                                          Chief United States District Judge