UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

T*ORAN* P*ETERSON*,
        Petitioner,

                        No. 1:07-cv-99

-v-

                        HONORABLE PAUL L. MALONEY

W*ILLIE* O. S*MITH*,
        Respondent.

ORDER DENYING PETITIONER'S OBJECTION

This matter comes before the court on Petitioner's objection (Dkt. No. 76) to an order issued by the magistrate judge. Toran Peterson, a prisoner under the control of the Michigan Department of Corrections (MDOC), filed a petition for writ of habeas corpus. In September 2007, Petitioner filed a motion (Dkt. No. 23) to delete claims 10 through 13 of this habeas petition, because those claims had not been exhausted in state court. Ultimately, Petitioner's request was granted. (Dkt. No. 35 - Order Granting Petitioner's motion for reconsideration.) In December 2009, Petitioner filed a motion (Dkt. No. 72) for leave to amend his petition. Petitioner sought leave to add one of the claims that he had previously moved to delete, and to supplement the argument supporting his second claim. Petitioner's motion was granted with respect to the supplemental argument, but denied with respect to the additional claim. (Dkt. No. 73.) Petitioner objects, alleging he has since exhausted this claim in state court.

STANDARD OF REVIEW

Rule 72(a) allows a party to object to a ruling by a magistrate judge by filing objections in the district court where the case is assigned. F*ED*. R. C*IV*. P. 72(a). Under the Rule, the district court judge "must consider timely objections and modify or set aside any part of the order that is clearly

erroneous or is contrary to law." *Id.* The United States Supreme Court and the Sixth Circuit Court of Appeals have stated that "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining the clearly erroneous standard under Rule 52(a)); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992) (quoting *U.S. Gypsum Co.*); *see also United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (explaining the standard under Rule 72(a)). This standard does not empower a reviewing court to reverse the magistrate judge's finding because it would have decided the matter differently. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)).

Under Rule 72(a), a district court reviews the legal conclusions of a magistrate judge under the "contrary to law" standard. *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992). The reviewing court must exercise independent judgment with respect to those legal conclusions and may overturn those conclusions which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent. *Id.* (quoting *Adolph Coors Co. v. Wallace*, 570 F.Supp. 202, 205 (N.D. Cal. 1983)); *see also Botta v. Barnhart*, 475 F. Supp.2d 174, (E.D.N.Y. 2007) ("An order is clearly contrary to law 'when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" (quoting *Catskill Dev., LLC v. Park Place Entrn't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002))).

ANALYSIS

The magistrate judge's decision to deny Petitioner's motion for leave to add a claim was neither clearly erroneous nor contrary to law. The claim Petitioner seeks to add has not been

properly exhausted in state courts. The claim Petitioner seeks to add alleges the trial judge committed a structural error through the manner in which she cleared the courtroom during his trial. Petitioner alleges he was denied an effective direct appeal because the transcripts of the trial are inaccurate. Petitioner may have requested the audio tape of the trial in the state court system. However, no state court has been afforded the opportunity to rule on whether the trial judge's alleged actions constitute a constitutional error.

Accordingly, Petitioner's objection (Dkt. No. 76) is **OVERRULED. IT IS SO ORDERED.**


Date: March 3, 2010                                    /s/ Paul L. Maloney
                                                       Paul L. Maloney
                                                       Chief United States District Judge