UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TORAN PETERSON,
          Petitioner,

No. 1:07-cv-99

-v-

HONORABLE PAUL L. MALONEY

WILLIE SMITH,
          Respondent.

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

Toran Peterson, a prisoner under the control of the Michigan Department of Corrections (MDOC), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. In 2000, Mr. Peterson (Petitioner) was convicted by a jury of first degree murder and possession of a firearm during the commission of a felony. The magistrate judge has issued a report recommending the petition be denied. Petitioner filed objections.

STANDARD OF REVIEW

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has ten days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide *de novo* review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by

the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984; *see also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

ANALYSIS

    A. Bias

Petitioner asserts the magistrate judge, who he refers to as "lead prosecutor," is biased because the magistrate judge has "taken everything and twisted it." (Obj., 1.) Prejudice or bias must arise from some extrajudicial source and typically not from a judge's ruling or participation in an action. *Ullmo v. Gilmore Acad.*, 273 F.3d 671, 681 (6th Cir. 2001); *see Liteky v. United States*, 510 U.S. 540, 555-56 (1994). Petitioner has not established the magistrate judge is biased or that a reasonable person would question the magistrate judge's impartiality.

    B. Background Facts

Petitioner identifies several factual discrepancies with the background material provided in the report and recommendation. Petitioner has not explained how these factual disputes are material to any of his claims or the resolution of those claims.

    C. Claims 1-5

Claims 1-4 involve claims for ineffective assistance of trial counsel. Claim 5 asserts ineffective assistance of appellate counsel for failing to raise claims 1-4 on direct appeal. The magistrate judge's review of the law regarding procedural default is accurate and the recommendations are well taken. Petitioner argues, without authority, that federal courts must take

an independent look at claims which were barred in state court. Alleging ineffective assistance of appellate counsel, Petitioner claims to have good cause for failing to raise the issues in his post-conviction motions.[1]

Petitioner's objections do not undermine the well reasoned conclusions contained in the report. Petitioner's first four claims have been procedurally defaulted. In the state circuit court's opinion denying Petitioner's collateral attack filed under M.C.R. 6.508, the court concluded Petitioner could not establish good cause for failing to raise claims for ineffective assistance of trial counsel on direct appeal because appellate counsel was not ineffective. Both the Michigan Court of Appeals and the Michigan Supreme Court issued summary orders denying Petitioner's leave to appeal because he failed to establish entitlement to relief under M.C.R. 6.508(D). The Sixth Circuit Court of Appeals has consistently applied the procedural default rule to similar or identical orders of the Michigan courts. *See Alexander v. Smith*, 311 F.App'x 875, 880-84 (6th Cir. 2009).

Petitioner's fifth claim, that appellate counsel was ineffective for failing to raise the ineffectiveness of trial counsel, might provide cause for failing to raise the defaulted claims. *Howard v. Bouchard*, 405 F.3d 459, 478 (6th Cir. 2005). To establish that appellate counsel was ineffective where appellate counsel raise some effectiveness of trial counsel claims, a petitioner must

---

[1]Petitioner claims the state courts and the magistrate judge unreasonably applied clearly established federal law. According to Petitioner, the courts erred when they described the proof necessary for an ineffective assistance of counsel claim as a "heavy burden." The descriptive phrase "heavy burden" does not alter the elements Petitioner must establish in order to prove counsel was ineffective. In *Strickland v. Washington*, 466 U.S. 668, 689 (1984), the Supreme Court explained that judicial scrutiny of counsel's performance "must be highly deferential," "that every effort must be made to eliminate the distorting effects of hindsight" and that "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." The phrase "heavy burden" appropriately summarizes difficulty a defendant faces in overcoming the deference afforded to counsel's choices at trial.

3

show that the issues raised were "clearly stronger that the issues that counsel did present." *Alexander*, 311 F.App'x at 885 (quoting *Smith v. Robbins*, 528 U.S. 288-89 (2000) and *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2003)). Petitioner must also show that, but for appellate counsel's unreasonable failure, he or she had a reasonable probability of prevailing on appeal. *Id.* (quoting *Robbins*, 528 U.S. at 285). Appellate counsel need not raise every non-frivolous claim on direct appeal. *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983). "To be sure, 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Joshua*, 341 F.3d at 441 (quoting *Smith v. Murray*, 477 U.S. 527, 536 (1986)). By these standards, Petitioner is not entitled to habeas relief on the basis of any of the first five claims. Petitioner has not established that appellate counsel's strategic choices were inherently flawed in that the seven claims for ineffective assistance of counsel alleged on direct appeal were somehow weaker than the ones articulated on collateral attack. The magistrate judge has explained why the claims advanced here do not establish that Petitioner would have had a reasonable probability of prevailing on appeal. Accordingly, the report and recommendation on Claims 1-5 are ADOPTED over objections as the opinion of this court.

    D. Claims 6-9

The magistrate judge concludes the issues raised in claims 6-9 do not warrant habeas relief. Petitioner objects to the conclusion on each of the claims. The court has reviewed the record, including the state court opinions, the report and recommendation and objection, and relevant legal authority. The magistrate judge's report is sufficiently accurate and the legal conclusions are well reasoned and well supported. Any additional discussion of the issues raised would not provide additional insight. Accordingly, the report and the recommendations on Claims 6-9 are ADOPTED

4

over objections as the opinion of this court.

## CERTIFICATE OF APPEALABILITY

A district court must issue a certificate of appealability either at the time the petition for writ of habeas corpus is denied or upon the filing of a notice of appeal. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (per curiam). A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). To satisfy this standard, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)). Courts should undertake an individualized determination of each claim presented by the petitioner when considering whether to issue a certificate of appealability. *Murphy v. Ohio*, 551 F.3d 485, 492 (6th Cir. 2009). Having reviewed the claims advanced for the purpose of a certificate of appealability, reasonable jurists would not disagree with this court's evaluation of Petitioner's claims. The first four claims were procedurally defaulted and Petitioner has not established good cause under the fifth claim for this court to review them. With regard to claims 6-9, the state courts' rulings were neither unreasonable applications of clearly established federal law nor unreasonable determinations of the facts in light of the evidence presented.

## STATEMENT OF GOOD FAITH APPEAL

Petitioner was granted leave to proceed *in forma pauperis*. Under 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." "The statute requires that a district court must determine in writing whether

a request to appeal in forma pauperis is taken in good faith." *McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997). The "good faith" requirement must be judged by an objective standard. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). "Good faith" is demonstrated when the party seeks appellate review of an issue that is "not frivolous." *Id.* An appeal is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "The former occurs when 'indisputably meritless' legal theories underlie the complaint and the latter when it relies on 'fantastic or delusional' allegations." *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke*, 490 U.S. at 327-28)). Under this standard, a determination of "good faith" requires "an inquiry into the merits of the appeal, but does not require that probable success be demonstrated. The Court's inquiry is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Jones v. Frank*, 622 F.Supp.1119, 1120 (W.D. Tex. 1985) (citing *Anders v. California*, 386 U.S. 738, 744 (1967)). Having reviewed the issues for the purpose of a good faith appeal, Petitioner's claims are neither indisputably meritless nor based on fantastical or delusional allegations. Accordingly, any appeal would be taken in good faith.

ORDER

For the reasons provided in the accompanying opinion, **IT IS HEREBY ORDERED:**

1.  The report and recommendation (Dkt. No. 75) is **ADOPTED** over objections as the opinion of this court.

2.  The petition for writ of habeas corpus is **DENIED.**

3.  A certificate of appealability is **DENIED.**

4.  Any appeal would be taken in good faith.


Date:   April 30, 2010                                    /s/ Paul L. Maloney
                                                         Paul L. Maloney
                                                         Chief United States District Judge